IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RIAN D. ORTHMANN,                                              CV. 04-1054-KI

        Petitioner,                                OPINION AND ORDER

   v.

BRIAN BELLEQUE,

        Respondent.

C. Renee Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Meyers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97310-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

1 -- OPINION AND ORDER

the reasons set forth below, the amended petition (#25) is DENIED, and this proceeding is DISMISSED, with prejudice.

## BACKGROUND

On August 14, 2000, petitioner was convicted by a jury of the attempted sodomy of a fellow inmate. Petitioner was sentenced to a 60-month term of imprisonment. On September 25, 2000, petitioner filed a direct appeal but subsequently dismissed it.

On or about November 28, 2001, petitioner sought state post-conviction relief, raising six claims of trial court error, seven claims of ineffective assistance of trial, and one claim of ineffective assistance of appellate counsel. At the post-conviction trial, petitioner testified that the most important error that trial counsel made was his failure to interview and subpoena inmate David Fox. The post-conviction court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Orthmann v. Schiedler, 190 Or. App. 305, 79 P.3d 418, rev. denied, 336 Or. 296 (2003).

Petitioner filed a second state post-conviction proceeding, claiming that he was denied due process and the right to a fair trial because he was sentenced by the court, rather than a jury, to an upward departure sentence, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Additionally, petitioner claimed that trial counsel

was ineffective for failing to object to his departure sentence on this basis.

The state post-conviction court denied the petition as successive. Petitioner's appeal from the denial of post-conviction relief was dismissed as untimely, and the Oregon Supreme Court denied review.

## DISCUSSION

I. **Ineffective Assistance Claim not Properly Raised in this Proceeding**.

Discerning the grounds for relief properly before this court is problematic. On July 30, 2004, petitioner filed a *pro se* petition and memorandum raising a due process claim, and multiple claims of ineffective assistance of trial and appellate counsel. Petitioner's *pro se* briefing is in narrative form and does not clearly delineate the individual grounds for relief.

On October 6, 2005, petitioner's counsel filed an amended petition. In the amended petition, counsel adds four grounds for relief arising out of the imposition of a departure sentence. Additionally, rather than clarifying the grounds raised in the *pro se* petition and memorandum, counsel requests "leave to incorporate [petitioner's] prior *pro se* pleadings in their entirety by reference at this time" because counsel "has not yet had sufficient time to determine which claims should be kept and, to consult with [petitioner] on these issues." First Amended Petition at 9, n.2.

In her memorandum in support of the first amended petition, counsel argues that petitioner's trial counsel was ineffective for failing to interview and subpoena inmate David Fox. However, as discussed below, neither the *pro se* petition nor the first amended petition raise this claim.[1] In petitioner's "supplemental memorandum," counsel addresses, for the first time, two claims of unconstitutional shackling, and reasserts that petitioner's *pro se* petition raises a claim of ineffective assistance of counsel for failure to interview or subpoena Fox.

I construe petitioner's *pro se* petition, memorandum, and amended petition to allege ineffective assistance of trial counsel based upon trial counsel's alleged failure to:

> (1) move to dismiss the indictment; (2) interview guards who monitored the video camera positioned outside petitioner's cell or subpoena the videotape; (3) interview medical personnel responsible for monitoring canteen items delivered to the Disciplinary Segregation Unit or subpoena the disbursement records; (4) conduct a forensic test on the stained towel found on the victim's bed; (5) move the court to determine the necessity of having petitioner shackled; (6) move to suppress the Vaseline and towel; (7) object to the departure sentence; (8) interview all witnesses requested by petitioner; (9) consult with a forensic expert or obtain expert witnesses; and (10) to file motions or seek appropriate jury instructions regarding sentencing enhancements and

---

[1] Petitioner's counsel's request to incorporate the *pro se* petition and memorandum is granted in the interests of justice. However, the court notes that counsel's decision to proceed in this manner caused confusion of the issues, an additional round of briefing, delay in the resolution of this case, and is contrary to Local Rule 15.1(c).

petitioner's right to a jury trial and proof beyond a reasonable doubt.

I reject counsel's contention that petitioner's *pro se* petition and/or supporting memorandum also raise a claim of ineffective assistance of counsel based upon trial counsel's failure to interview or subpoena inmate Fox. At page eight of petitioner's *pro se* memorandum, he lists by name and/or job title all of the witnesses he requested trial counsel to interview. Then, at pages 11 and 23 of the memorandum, petitioner complains generally that trial counsel failed to interview all witnesses that petitioner had requested. There is no reference in those sections of the memorandum to David Fox or inmates confined at Oregon State Correctional Institution (OSCI) (Fox's place of incarceration at the relevant time).

The only possible reference to Fox, is in the section captioned "POST-CONVICTION FACTS" wherein petitioner alleges that he requested "Wade Bettis, Jr., *court-appointed post-conviction counsel* to investigate and prepare case by . . . interview[ing] DOC employees and inmates at OSCI that worked with complainant circa spring of 2000 for exculpatory statements made by him before being transferred to SRCI". Petitioner's *Pro Se* Memorandum at 14-16 (emphasis added). In short, petitioner complains only that he requested *post-conviction* counsel to interview OSCI inmates and that *post-conviction* counsel failed to do so. It is well settled,

5 -- OPINION AND ORDER

however, that a state prisoner has no constitutional right to effective assistance of post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Petitioner's contention that the state should have known he was challenging trial counsel's failure to interview Fox, because the claim was the central issue before the state post-conviction court, is of no avail. Pursuant to Rule 2©)(1), of the Rules Governing Section 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner". See also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995) (traverse is not the proper pleading to raise additional grounds for relief).

Petitioner's request to amend his petition to add a claim of ineffective assistance for failing to interview or subpoena Fox is denied in light of counsel's previous amendment of the petition, and because the request to amend (embedded in a responsive pleading) comes almost two years after the filing of the original petition. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996) (in exercising discretion over motion to amend, court may consider, *inter alia*, undue delay and whether party previously amended his pleadings).

In any event, the claim lacks merit in light of the state court's factual finding that trial counsel "was never made aware of the existence of Mr. Fox", and petitioner's failure to rebut this

6 -- OPINION AND ORDER

finding of fact with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Lambert v. Blodgett, 393 F.3d 943, 977-78 (9th Cir. 2004), cert. denied, 126 S.Ct. 484 (2005) (presumption of correctness applies to state court findings of fact made in the course of resolving claims of ineffective assistance of counsel).

I also reject petitioner's contention that the state court's factual finding is unreasonable under 28 U.S.C. § 2254(d)(2) because the trial court did not consider or weigh "the most critical evidence" presented - the affidavit of Jessica Warner.

It is well settled that state courts need not "address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before them.'" Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004) (quoting Miller-El v. Cockrell, 537 U.S. 322, 347 (2003)). In order to be an "unreasonable determination of the facts" under § 2254(d)(2), the omitted "evidence in question must be sufficient to support petitioner's claim when considered in the context of the full record bearing on the issue presented in the habeas petition." Taylor, 366 F.3d at 1001. As discussed below, the affidavit of Jessica Warner fails this test.

Petitioner offered the affidavits of David Fox and Jessica Warner into evidence. Fox attested that while he was confined at the Linn County Jail, he received a letter from petitioner stating that he had been framed. Fox attested that "7-8 months after the

7 -- OPINION AND ORDER

alleged incident", the victim stated "that the sex charges were trumped up" to enable him to seek compensation from the State of Oregon and to accelerate his transfer from SRCI to boot camp. Jessica Warner, in turn, attested that she is petitioner's sister, and that sometime prior to trial she left a telephone message with trial counsel's secretary concerning Fox's potential testimony.

Petitioner testified that his sister's telephone call to trial counsel was made three months prior to trial.  Petitioner further testified that he met with his attorney only three times prior to trial; he was unable to place telephone calls to counsel; he was not able to discuss the facts of his case with counsel prior to trial; but that he did inform counsel of Fox's potential testimony prior to trial.  According to petitioner, counsel told him that "Fox was an unnecessary witness and the State's case was weak."

Petitioner's trial counsel, in contrast, attested that (1) his investigator "spoke with all witnesses identified by petitioner as having relevant evidence or testimony"; (2) he met with petitioner "on six different occasions between the date that [he] received petitioner's file and the date of trial"; (3) he had "numerous telephone conversations with petitioner"; (4) he did "not recall ever having been told about Mr. Fox"; (5) his records show that neither he nor his staff were ever informed that Fox was a potential witness; and (6) had he been informed of Mr. Fox, he "certainly would have investigated".

8 -- OPINION AND ORDER

Based on the foregoing, the state post-conviction court concluded that (1) "[t]rial counsel fully and properly investigated Petitioner's case"; (2) "[t]he investigator spoke with all the witnesses identified by petitioner"; (3) "[t]rial counsel met with petitioner on six different occasions" and "had numerous telephone conversations with petitioner"; and (4) "[d]uring trial counsel's representation of petitioner, he was never made aware of the existence of Mr. Fox". Resp. Exh. 122 at 7 & 9.

The post-conviction court's factual findings sufficiently demonstrate the court's conclusion that trial counsel's attestation was credible. The fact that the post-conviction court did not expressly state that it found the affidavit of Jessica Warner to lack credibility, does not render the court's findings "unreasonable" under § 2254(d)(2) because Warner's affidavit, when considered in the context of the full record, is not sufficient to support petitioner's claim. Taylor, 366 F.3d at 1001.

Accordingly, the state court's factual finding that counsel was not informed of Fox's existence prior to trial is entitled to deference. It necessarily follows that trial counsel's failure to interview or subpoena Fox did not fall below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 688 (1987) (adopting two-prong test for ineffective assistance of counsel claims). Hence, the state court's rejection of this

9 -- OPINION AND ORDER

claim is neither contrary to, nor an unreasonable application of, clearly established Federal law.[2]

## II. **Procedurally Defaulted Claims**.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 125 S.Ct. 2975 (2005); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman, 501 U.S. at 735 n.1. Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is

---

[2] The fact that the post-conviction court applied a preponderance of the evidence standard, in concluding that the *second* prong of Strickland (proof of prejudice) was not satisfied, does not dictate a contrary conclusion because petitioner has failed to satisfy the first prong (deficient performance). See Strickland, 466 U.S. at 697 (court need not address both prongs of ineffective assistance test if the petitioner makes an insufficient showing on one).

independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. <u>Coleman</u>, 501 U.S. at 729-30; <u>Bennett v. Mueller</u>, 322 F.3d 573, 580 (9th Cir.), <u>cert. denied</u>, 540 U.S. 938 (2003).

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

### A. Grounds Procedurally Defaulted in First Post-Conviction Proceeding.

There is some confusion in the state record as to which state courts received timely *pro se* filings from petitioner during the course of the first post-conviction proceeding. However, it is clear that the only assignment of error raised to the Oregon Supreme Court was the claim that trial counsel was ineffective for failing to interview and subpoena Inmate David Fox. The time for raising additional claims to the Oregon Supreme Court has expired. Accordingly, all of petitioner's claims of ineffective assistance of trial, ineffective assistance of appellate counsel, and due process, incorporated into claim one of the amended petition, are procedurally defaulted.[3]

---

[3] Additionally, petitioner's claims of unconstitutional shackling and prosecutorial misconduct are procedurally default
(continued...)

In so holding, I note that although petitioner's appellate counsel incorporated petitioner's *pro se* memorandum (raising numerous constitutional violations) in his appellate brief to the Oregon Court of Appeals, the *pro se* memorandum was not incorporated in petitioner's petition for review to the Oregon Supreme Court. The petition for review provides only that petitioner "relies on the argument [singular] set out in appellant's brief on pages 6-9." Petitioner did not thereby incorporate by reference his 32-page *pro se* memorandum.

Petitioner does not assert cause and prejudice to excuse his procedural default, or contend that failure to consider the claims will result in a miscarriage of justice. Accordingly, habeas relief is not warranted as to ground for relief one.

**B.   Grounds Rejected as Successive in Second Post-Conviction Proceeding.**

In petitioner's second state post-conviction proceeding, petitioner alleged that his departure sentence violated <u>Apprendi</u> and <u>Blakely</u>, and that trial counsel was ineffective for failing to object to his departure sentence on this basis. The state post-conviction court denied the petition as successive. Petitioner's

---

³(...continued)
because they should have been raised on direct appeal and the post-conviction court rejected them on that basis. Moreover, petitioner's *pro se* petition and memorandum filed in this court address the issue of shackling only in the context of the deficient performance of counsel, and do not raise a direct due process claim. <u>See</u> *Pro Se* Memorandum (#2) at 20-22 & 28.

appeal from the denial of post-conviction relief was dismissed as untimely.  In short, petitioner claims were rejected based upon one or more independent and adequate state procedural rules.

Accordingly, petitioner's grounds for relief two, three, and four are procedurally defaulted.  Petitioner's ground for relief five (ineffective assistance of appellate counsel) is procedurally defaulted because it was not raised in either state post-conviction proceeding, and the time for doing so has expired.

Petitioner argues that exhaustion should be excused because he never had an available state court remedy for claims based on Blakely.  See 28 U.S.C. § 2254(b)(1).  Petitioner explains that prior to Blakely, the Oregon courts had not extended Apprendi in the manner asserted here.  Moreover, after Blakely, the Oregon courts have refused to hear successive petitions.

Petitioner argument essentially is that exhaustion of state remedies would have been futile.  The continuing viability of the futility doctrine is doubtful.  In Engle v. Isaac, 456 U.S. 107 (1982), the Supreme Court explained:

> [T]he futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial.  If a defendant perceives a constitutional claim and believe it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

13 -- OPINION AND ORDER

Engle, 456 U.S. at 130; Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).

Even assuming the continuing viability of the futility doctrine, petitioner has failed to demonstrate that, at the time of trial, or on the date he filed his direct appeal and first post-conviction proceeding, a challenge to his departure sentence would have been futile. On the contrary, it was not until after petitioner's trial, appeal, and the filing of his first post-conviction proceeding, that the Oregon Court of Appeals first held that a trial court did not violate Apprendi by imposing a departure sentence based upon facts not proven to a jury. State v. Dilts, 179 Or. App. 238, 251-52, 39 P.3d 276 (2002), aff'd, 336 Or. 158 (2003), vacated and remanded, 542 U.S. 934 (2004); see also State v. Gornick, 340 Or. 160, 163-64, 130 P.3d 780 (2006) (outlining progression of state cases under Apprendi). Hence, at the time of petitioner sought appellate relief and collateral review, an Apprendi claim was not futile, nor was there an absence of available state remedies. Accordingly, I decline to excuse petitioner's procedural default.[4]

---

[4] Although I do not reach the merits of petitioner's sentencing claims, it is worthy of note that the Ninth Circuit has held that Blakely does not apply retroactively, and the U.S. Supreme Court has not ruled otherwise. Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005), cert. granted, 126 S.Ct. 2352 (2006); Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005), petition for cert. filed, Nov. 10, 2005. I reject petitioner's suggestion that the facts of his case warrant a different result.
(continued...)

**CONCLUSION**

Based on the foregoing, petitioner's amended habeas corpus petition (#25) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ____15th____ day of November, 2006.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge

---

[4](...continued)
See United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.), cert. denied, 537 U.S. 939 (2002) (retroactivity analysis should not be applied on a piecemeal basis).